## JOHNSON *v.* WILLIAMS *et al.*

Landlord's lien for one year's rent on goods liable to distress is a prior lien by the Act of 1836.

Appeal of A. H. Barnes.

Error to Common Pleas of Warren Co.

Opinion delivered April 2, 1874, by

AGNEW, C. J. The effect of the 83d, 84th and 85th sections of the Act of 16th of June, 1836, is to create a charge in favor of the landlord for rent, not exceeding one year, upon the goods liable to the distress of the landlord for this rent, in and upon the demised premises at the time of taking such goods in execution. After the sale the officer is required to pay the rent first out of the proceeds and apply the surplus only to the execution, and in case of the insufficiency of the proceeds to pay the rent and all the costs, the same costs only shall be allowed as would have to be paid in case of a sale under distress. Moreover, after a levy on goods liable to distress, the plaintiff in the execution cannot stay proceedings without the consent of the landlord first had in writing. Thus, call the charge a lien, or by any other name, it is clear the rent of the landlord is a prior charge by law, and the sale under execution is for the benefit of the landlord. Whenever, therefore, the writ of execution will carry a valid sale over the head of the assignee in bankruptcy, it is evident it carries with it the landlord's claim for his rent. The State law makes the rent a valid charge prior to the right of the execution creditor, so that his precedence over the assignee in bankruptcy necessarily lifts up the precedent rent above him also.

· Decree affirmed with costs and appeal dismissed.